# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-mj-00556- VCF |
| Plaintiff, | **ORDER** |
| vs. | **[Defendant's Motion for Return of Property** |
| RONALD BRUCE MYERS, | **Under Rule 41(g) (#17)]** |
| Defendant. | |

Before the Court is Defendant's Motion for Return of Property Under Rule 41(g).  (#17).

**MOTION:**

Defendant requests the return of his personal property which he alleged was illegally seized by the FBI. *Id.* On January 13, 2013, FBI agents executed a search and seizure warrant on a motorhome in the Oasis RV Resort, located in Las Vegas, Nevada.  The search and seizure warrant was issued in Grand Rapids, Michigan.  Defendant Ronald Bruce Myers was incarcerated on a federal supervised violation, unrelated to the instant case at the time. *Id.*

**ARGUMENT:**

On July 17, 2013, the Government filed a Response to Defendant's Motion for Return of Property.  (#19).  The government requests additional time to respond because the motion was improperly filed and because this matter should be responded to by the Western District of Michigan. The government argues that case number 2:12-mj-00556 was opened for the purpose of determining whether defendant should be detained on a petition for violation of his supervised release from the

Eastern District of Washington. The defendant has not made any factual showing that the items he seeks to be returned were seized on or about August 15, 2012, in relation to his arrest on the supervised release violation warrant, proceedings that were closed upon acknowledgment that the United States District Court for the Eastern District of Washington had received the defendant and his detention documentation. *Id.*

The government asserts that the, "District of Nevada is in no position to evaluate or articulate the legitimate reasons to retain the property, because the property was not seized pursuant to any investigation in this district. Rather, the office that is in the best position to evaluate a "legitimate reason to retain the property" is the Western District of Michigan, as pointed out by the defendant." *Id.*

**DISCUSSION:**

Defendant Myers' Motion for Return of Property Under Rule 41(g) (#17) is unrelated to the instant case, case no. 2:12-mj-00556-VCF. Defendant's Motion is seeking for the return of property in a completely different case that is unrelated to case no. 2:12-mj-00556-VCF.

Case no. 2:12-mj-00556-VCF was opened to determine whether or not defendant should be detained on a petition for violation of his supervised release from the Eastern District of Washington. In case no. 2:12-mj-00556-VCF, on August 8, 2012, defendant Myers made his initial appearance before the undersigned Magistrate Judge. (#3). Defendant Myers was detained, remanded to custody, and held to answer in the Eastern District of Washington. *Id.* Brian Abbington of the Federal Public Defender's Office was appointed to represent defendant. (#4). Neither Mr. Abbington nor the Federal Public Defender's Office have filed a motion to withdraw as counsel of record. Pursuant to Local Rule IA 10-6, "[a] party who has appeared by attorney cannot while so represented appear or act in the case." Since defendant Myers is represented by Brian Abbington of the Public Defender's Office, he is not permitted to file motions in this case, case no. 2:12-mj-00556-VCF, with this court on his own behalf.

1   On August 15, 2012, the Commitment to Another District was filed. (#7).  Defendant's case has
2   been transferred to the Eastern District of Washington; therefore, Case no. 2:12-mj-00556-VCF is
3   closed.
4   Defendant's Motion for Return of Property Under Rule 41(g)(#17) is improperly filed in case no.
5   2:12-mj-00556-VCF.
6   Accordingly,
7   IT IS HEREBY ORDERED that Motion for Return of Property Under Rule 41(g) (#17) is
8   STRICKEN from case no. 2:12-mj-00556-VCF.
9   DATED this 15th day of August, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE